UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL WATKINS,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Case No.: C07-1680 CRD

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

    Plaintiff Michael Watkins appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied his application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act ("SSA" or the "Act"), 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

## I. FACTS AND PROCEDURAL HISTORY

    Plaintiff is a fifty-two-year-old man, forty-two years old at the alleged disability onset date. He has a high school education and has completed some college coursework; he has past relevant work experience as a construction worker.

    Plaintiff applied for SSI in April 2001, alleging disability since January 1984 due to depression. His claim was denied initially and upon reconsideration, and he timely requested an ALJ hearing.

ORDER - 1

A *de novo* hearing before ALJ Joyner was held in September 2003, which resulted in an unfavorable decision. Plaintiff appealed and the Appeals Council reversed and remanded the decision to the ALJ. On remand, ALJ Joyner held a hearing on July 5, 2006 and on July 14, 2006. The ALJ heard testimony from four witnesses: a detective, a lay witness, a vocational expert, and Plaintiff, who was represented by counsel, Peter McKee, Esq. Administrative Record ("AR") at 723-823. The ALJ rendered an unfavorable decision on September 21, 2006, again finding Plaintiff not disabled. Plaintiff requested review by the Appeals Counsel and review was denied, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). On September 18, 2008, this case was reopened for judicial review of the Commissioner's final decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

///

///

## IV. THE DISABILITY EVALUATION

As the claimant, Mr. Watkins bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] In the present case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR 115, Finding 1. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case the ALJ found Plaintiff has the severe impairments of major depressive disorder with psychotic features and personality disorder not otherwise specified. AR 115, Finding 2. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER - 3

impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.* In this case the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairment. AR 115, Finding 3. The ALJ also found that "[t]he claimant's credibility is poor" (AR 115, Finding 4), and that the claimant has no physical limitations. *Id.* at 116, Finding 5.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ in this case determined Plaintiff retained the RFC to perform "simple and repetitive tasks and can easily perform 1, 2, and 3 step tasks. The claimant can interact with co-workers on an occasional basis. He should not work with the public." AR 116, Finding 5. The ALJ next found that Plaintiff could not perform any of his past relevant work. *Id.*, Finding 6.

If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded. In this case, the ALJ found that Plaintiff could perform work consistent with his RFC, and, based on vocational expert testimony, determined that Plaintiff retained the capacity to work at jobs such as small products assembler and commercial/institutional cleaner. AR 116, Finding 10. The ALJ therefore concluded Plaintiff was not disabled as defined in the SSA.

///
///
///

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Did the ALJ err in assessing a lay witness statement?
2. Did the ALJ deny Plaintiff due process?
3. Did the ALJ err in assessing the opinion of a treating physician?

Dkt. No. 16 at 1.

## VI. DISCUSSION

*A. The ALJ did not err in assessing a lay witness statement.*

Plaintiff alleges the ALJ erred in failing to sufficiently incorporate the lay witness testimony of Ronald Johnson into his residual functional capacity assessment. Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (internal citations omitted). Here, the ALJ summarized and discussed Mr. Johnson's hearing testimony (AR 69-79) in detail. AR 104-05. In assessing the testimony, the ALJ found "the testimony of Mr. Johnson to be generally credible. In particular, I note that his insights regarding the claimant's persistence are creditable from a lay witness perspective." AR 105. Plaintiff urges that although the ALJ found Mr. Johnson's testimony to be credible, he failed to account for the limitations he testified to in Plaintiff's RFC, arguing, "Mr. Johnson's testimony establishes that Mr. Watkins is unable to perform work-like activity without special supervision or else he has conflicts with others or becomes over focused on tasks. Although the ALJ indicated he was adopting Mr. Johnson's testimony, his conclusion that Mr. Watkins can perform full-time work requiring contact with co-workers occasionally, with no requirements for additional supervision or structure, is inconsistent with Mr. Johnson's testimony." Dkt. 16 at 11.

The Court disagrees with Plaintiff's assertion. A reading of Mr. Johnson's testimony indicates the ALJ's summary and assessment is accurate. The ALJ noted that Mr. Johnson testified that he saw Plaintiff three to four times a week; that he went with Plaintiff to minister on the street; that Plaintiff is a minister in their church, helps with bible study, and plays the

keyboard; that he has an up and down personality, tends to get excited, and sometimes lashes out or withdraws and is hostile at times; that Plaintiff is not effective in tasks because he tries to take over and offends people; and that Plaintiff is not sent alone to street minister so that he will not offend people. AR 104-05. The ALJ noted that "[h]e also publicly ministers to strangers and has engaged in volunteer work. I have considered the testimony of Mr. Johnson, whom I found to be generally creditable. I[n] considering the totality of the evidence, I find that the claimant can interact with co-workers on an occasional basis and should not work with the public." AR 111. The ALJ also found that Plaintiff has the residual functional capacity to perform "simple and repetitive tasks and can easily perform 1, 2, and 3 step tasks." AR 116. The Court finds this RFC assessment is not inconsistent with Mr. Johnson's testimony as Plaintiff argues. The ALJ's finding is based on substantial evidence in the record, including the testimony of Mr. Johnson. For example, as noted by the ALJ, Mr. Johnson testified that he worked with Plaintiff doing volunteer-type work, playing the piano and ministering to the public on the street, which required supervision from Mr. Johnson so that Plaintiff would not offend people. This is consistent with the ALJ's finding that although Plaintiff is capable of some interaction with coworkers, he should not work with the general public. Accordingly, the Court finds the ALJ did not err in assessing Mr. Johnson's testimony and appropriately incorporated it into Plaintiff's residual functional capacity.

*B. The ALJ did not err in sequestering Plaintiff during the lay witness' testimony.*

Plaintiff argues that the ALJ erred and denied him due process because he was not permitted to be present during the hearing testimony of Mr. Liburdi. Mr. Liburdi is a detective for the SSA and conducted an undercover investigation of Plaintiff concerning his SSI claims. At the hearing, Plaintiff's counsel objected to the ALJ's exclusion of Plaintiff during the detective's testimony. The ALJ allowed Plaintiff's counsel to question the detective but did not allow Plaintiff to be present. In the written decision, the ALJ summarized the detective's testimony that he observed Plaintiff was comfortable meeting him although he was a stranger; Plaintiff was well dressed and articulate, displayed no difficulty communicating, and was at ease in a public setting; and Plaintiff did not display hallucinations or paranoia and did not appear to

be depressed. AR 106. The ALJ assigned "significant weight" to the detective's observations regarding Plaintiff's demeanor and ability to communicate. *Id.* The ALJ further noted that Plaintiff's "presentation differed dramatically from how he presented with mental health providers" but concluded that "since Detective Liburdi has no specialized training in psychology or psychiatry, I give his observations that the claimant did not appear to be paranoid, depressed, or experience any hallucinations, the limited weight accorded to a non-medical lay-witness." *Id.*

Plaintiff argues that he was not permitted to be present during detective Limburdi's testimony amounts to a denial of due process and violation of SSA regulation providing that a hearing is open to the parties under 20 C.F.R § 416.1444. Plaintiff argues that there was no reason to exclude him from the hearing and that he should have been permitted to remain. Dkt. 16 at 12. In the written decision, the ALJ addressed Plaintiff's objection to being excluded during the detective's testimony, explaining that the objection was overruled because Plaintiff was represented by experienced counsel who exhaustively cross-examined the witness, Plaintiff had access to the investigative report, and Plaintiff had the opportunity to present evidence on his behalf. AR 94. The ALJ further explained that he sequestered Plaintiff because of the nature of the conflicting evidence and because Plaintiff had previously testified that he had been coerced into cooperating with the detective by threats, noting, "the charge of coercion was considered to be very serious and would have, if substantiated, at the very least, tainted the product of the investigation. Because of the nature of this accusation, the investigator and the claimant were sequestered." AR 95. The ALJ also noted that Plaintiff "subsequently testified and recanted his accusations relating to the asserted threats." *Id.* The Court finds that the ALJ's reasons for excluding Plaintiff from the detective's testimony before Plaintiff testified is based on substantial evidence in the record. The Court notes that the ALJ also did not permit Plaintiff to be present during Mr. Johnson's testimony, and also notes that Plaintiff alleges no actual harm from being sequestered, nor does Plaintiff offer any theory as to how remand would change the outcome of his case if he were allowed to be present. Based on the foregoing, the Court finds the ALJ did not err in excluding Plaintiff from the lay witness' hearing testimony.

///

C. *The ALJ did not err in assessing the treating physician's opinion.*

Plaintiff asserts the ALJ erred in failing to properly assess the opinion of his treating psychiatrist, Dr. Pastor. Plaintiff argues the ALJ did not give sufficient reasons for rejecting Dr. Pastor's opinions. To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 31 (9th Cir.1995); *Magallanes*, 881 F.2d at 751-55. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Id.* The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes*, 881 F.2d at 751 (internal citations omitted). The rejection of an opinion of a treating physician based in part on the testimony of a nontreating, nonexamining medical advisor may be upheld. *Morgan v. Commissioner*, 169 F.3d 595, 602 (9th Cir. 1999), citing *Magallanes*, 881 F.2d at 751-55; *Andrews*, 53 F.3d at 1043; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).

Here, Plaintiff argues that the ALJ did not provide clear and convincing nor even specific and legitimate reasons for rejecting Dr. Pastor's opinion. Dr. Pastor found marked limitations in cognitive and social functioning. AR 654. The ALJ explained he did not accept Dr. Pastor's finding of marked functional limitations because she indicated that Plaintiff's concentration and memory were significantly impaired; however, the ALJ found the record demonstrates good concentration and only mild memory impairment on testing. AR 111. The ALJ stated that Dr. Pastor indicated Plaintiff was compliant with medications, which the ALJ found to be contrary to the longitudinal record. *Id.* The ALJ found significant that Plaintiff was functioning well enough to get married in 2004, two months after Dr. Pastor's opinion. The ALJ notes that Dr. Pastor is Plaintiff's treating psychiatrist and credits her observations; however, finds her opinions less persuasive due to what the ALJ deemed the erratic nature of her treatment and because Plaintiff was seeing her only for medication management. *Id.* at 111-12. The ALJ also noted that Dr. Pastor did not comment on a nurse's report that Plaintiff faked presentation and appeared to be malingering, and considered but did not adopt a global assessment functioning score

ORDER - 8

assignment in the low 30s, finding it not supported by the doctor's clinical notes nor by Plaintiff's functioning as demonstrated by his activities. *Id.*

Dr. Pastor's opinion is contradicted by other providers. For instance, the ALJ noted that Dr. Parker concluded that Plaintiff had no functional limitations (AR 111) and Dr. Czysz found cognitive and memory testing within normal limits (AR 112); therefore, the ALJ is required to provide specific and legitimate reasons to reject Dr. Pastor's opinion. Plaintiff argues that the ALJ's reasoning is not supported by evidence in the record, for example, the ALJ's reasoning regarding his marriage. Plaintiff argues that the ALJ was not aware of the level of stability of the marital relationship and did not note that the marriage ended shortly thereafter. Plaintiff does not agree with the ALJ's assessment of the evidence and reasons for rejecting Dr. Pastor's opinion; however, after a thorough examination of the record, the Court finds the ALJ's cited reasons are both specific and legitimate, and are based on factually accurate, substantial evidence in the administrative record. Thus, the ALJ did not err in rejecting Dr. Pastor's opinion.

In his reply brief, Plaintiff requests oral argument before this Court. The Court finds oral argument unnecessary in this case; Plaintiff does not present new theories, argument, or facts in his reply that are not also set forth in his opening brief. Plaintiff's briefs contain thorough, clear, and well-organized arguments; therefore, the Court does not find any of the issues require further discussion to assist in its analysis. Plaintiff's request for oral argument is denied.

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED and the case DISMISSED.

DATED this 6th day of April, 2009.

Carolyn R. Dimmick
United States District Judge